IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW RICCI, on behalf of himself and others similarly situated, Plaintiff, | CIVIL ACTION |
| v. | FILED ELECTRONICALLY ON FEBRUARY 21, 2022 |
| NEWREZ LLC, Defendant. | CLASS/COLLECTIVE ACTION |

**COMPLAINT – CLASS/COLLECTIVE ACTION**

Andrew Ricci ("Plaintiff") brings this lawsuit against NewRez LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

**JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff resides in Allentown, PA (Lehigh County).

5. Defendant is headquartered in Fort Washington, PA (Montgomery County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8. Defendant is a corporate entity that provides financing to consumers for home mortgage loans which Defendant then sells to financial institutions.

9. Plaintiff was employed by Defendant from approximately August 2020 until approximately November 2021.

10. Plaintiff was paid a combination of an hourly wage for every credited work hour plus occasional commissions and non-discretionary bonuses. Other employees were paid in a similar fashion.

11. Plaintiff occasionally worked over 40 hours per week.

12. Both the FLSA and PMWA require that employees who work over 40 hours in a workweek receive 150% of their regular rate. See 29 U.S.C. § 207(a)(1) (FLSA requires overtime compensation of "not less than one and one-half times the regular rate at which he is employed."); 43 P.S. § 333.104(c) (PMWA requires "overtime not less than one and one-half times the employe's regular rate as prescribed in regulations promulgated by the secretary.).

13. Under both the FLSA and PMWA, the "regular rate" generally is defined to include all remuneration paid to the employee. See 29 U.S.C. § 207(e) ("regular rate" generally is "deemed to include all remuneration paid to, or on behalf of, the employee."); 34 Pa. Code § 231.43 ("regular rate" generally is "deemed to include all remuneration for employment paid to or on behalf of the employee.").

14. However, during weeks in which Plaintiff and similar employees are credited with working over 40 hours, Defendant fails to include all additional remuneration paid to the

employee, such as commissions and non-discretionary bonuses, in the "regular rate" when calculating the time-and-one-half overtime premium pay owed.

15. As just one example, according to a payroll check issued on January 15, 2021, Plaintiff was credited with working 1.87 hours of overtime. In calculating the amount of overtime pay owed to Plaintiff, Defendant only used Plaintiff's $24.00 hourly rate as the "regular rate" in determining the overtime premium rate of $36.00 ($24.00 x. 1.5). Although Defendant also paid Plaintiff $2,900 for a non-discretionary bonus, Defendant failed to factor this bonus in calculating Plaintiff's "regular rate" for purposes of determining his overtime compensation.

16. Defendant's failure to include all of the commissions and non-discretionary bonuses paid to Plaintiff and other employees in the "regular rate" when calculating the time-and-one-half overtime premium violated the FLSA and PMWA and was undertaken willfully and with reckless disregard of clearly applicable FLSA and PMWA principles. <u>See</u> 29 C.F. R. § 778.117 ("commissions . . . must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate …"); 29 C.F.R. § 778.211(c) ("Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently [ . . . ] are regarded as part of the regular rate of pay.").

**<u>CLASS/COLLECTIVE ACTION ALLEGATIONS</u>**

17. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals employed by Defendant within the past three years who have been paid an hourly wage plus additional remuneration such as commissions and/or bonuses.

18. Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I – FLSA**

25. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

26. By failing to include all remuneration paid to Plaintiff and other collective members in determining the regular rate for purposes of calculating overtime compensation owed for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

**COUNT II – PMWA**

27. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

28. By failing to include all remuneration paid to Plaintiff and other collective members in determining the regular rate for purposes of calculating overtime compensation owed for hours worked over 40, Defendant violated the PMWA.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: February 21, 2022

Respectfully,

Mark J. Gottesfeld

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com