IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW RICCI, on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : No. 5:22-cv-00650 |
| v. | : : |
| NEWREZ LLC, | : : |
| Defendant. | : |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND OTHER RELATED RELIEF[1]**

Andrew Ricci ("Plaintiff") and Defendant Newrez LLC ("Newrez") have settled this "hybrid"[2] class/collective lawsuit on behalf of both (i) a Fair Labor Standards Act (FLSA) "collective" comprised of 139 individuals who live throughout the United States and previously joined this action pursuant to 29 U.S.C. Sec. 216(b) ("the FLSA opt-ins"); and (ii) a putative Rule 23 "class" consisting of 278 individuals employed by Newrez in Pennsylvania ("class members").

Plaintiff files this Motion seeking *preliminary* approval of the settlement of the Rule 23 class action portion of this lawsuit. This Motion only concerns the preliminary approval of the class action settlement as the fairness of the FLSA settlement reached on behalf of the FLSA opt-ins will be addressed at the "final approval" stage of the Rule 23 approval process.[3]

---

[1] Counsel for Defendant is in the process of obtaining a signed Settlement Agreement from their client. The parties will file a supplement with the Court attaching Defendant's executed signature page, along with Defendant's counsel's signature, once it is obtained.
[2] *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).
[3] Courts must review FLSA collective settlements for fairness. *See Sawyer v. Health Care Sols. at Home, Inc.*, 2019 U.S. Dist. LEXIS 61499, *4 (E.D. Pa. Apr. 9, 2019); *see generally Fischer v. Fed Ex Express Corp.*, 42 F.4th 366, 377 (3d Cir. 2012). However, Rule 23's preliminary approval and notice protocols do not apply to FLSA collective settlements. *See Herbin v. PNC Financial Services Group, Inc.*, 2020 U.S. Dist. LEXIS 13095, *2 n. 2 (W.D. Pa. Jan. 27, 2020).

Newrez denies liability. Notwithstanding, the parties have settled to avoid the risk, delay, and expense of continued litigation. As is widely known, class action settlements are favored because they conserve "substantial judicial resources" and enable parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *In re GMC Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

As explained in more detail in the accompanying Memorandum of Law, the parties reached a settlement as to the PMWA claims on behalf of the 278 class members for $240,000. If the Court approves the requested $79,200 in attorney's fees/expenses, then $160,800 will be paid to the Class Members.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying memorandum of law, notice of the instant settlement should be issued to Class Members (*i.e.* the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

(A) [Plaintiff] and class counsel have adequately represented the class;

---

Thus, the fairness of the resolution of the FLSA claim can be determined in a single step at the "final approval" stage of the Rule 23 approval process. *See, e.g., Maranzano v. S-L Dist. Co., LLC*, 2022 U.S. Dist. LEXIS 201819, *7 (M.D. Pa. Nov. 4, 2022); *Del Valle v. Empire Home Health Care*, 2021 U.S. Dist. LEXIS 153355, *1 n. 1 (E.D. Pa. Aug. 3, 2021); *Tumpa v. IOC-PA, LLC*, 2021 U.S. Dist. LEXIS 2806, *11-15 (W.D. Pa. Jan. 7, 2021).

    (B) the proposal was negotiated at arm's length;

    (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Second, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Moreover, as explained in the accompanying Memorandum of Law, the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B).

Finally, the undersigned law firm is qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Plaintiff respectfully asks the Court grant this Motion and enter the accompanying proposed order.

Date:  June 20, 2023                    Respectfully,

                                           /s/ Mark J. Gottesfeld
                                           Peter Winebrake
                                           Mark J. Gottesfeld
                                           Winebrake & Santillo, LLC
                                           715 Twining Road, Suite 211

Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com

4